UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE: }
    Stephen O. Harrell } Case No. 14-40244-JJR-13
    Connie Renea Harrell }
     }
    Debtor(s). } Chapter: 13
     }
SSN: xxx-xx-2929 }
SSN: xxx-xx-6510 }

# CONFIRMATION ORDER

Due and proper notice having been given of the hearing on confirmation of the proposed Chapter 13 Plan dated April 14, 2014, Doc.#29 (the "Plan"), and said hearing having been held on April 22, 2014, it is hereby **ORDERED** as follows:

1. **Confirmation.** The Plan is confirmed as modified by this Order. To the extent there is any conflict or inconsistency between the Plan and this Order, this Order shall be controlling.

2. **Payments.** Debtor(s) shall pay to Linda B. Gore, the Standing Chapter 13 Trustee ("Trustee") for this Division, $81.00 per week for 36 months beginning 30 days after the date of the filing of the initial plan or entry of the order for relief in this case, whichever was earlier.

3. **Claims.** To be paid there must be filed a written proof of claim in proper form for each claim. A properly filed claim will be paid as filed unless such claim is otherwise provided for in the Plan, or unless a written objection is filed in accordance with the Bankruptcy Code ("Code"), the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. If an objection is filed, the Court will determine whether the claim will be allowed, disallowed, or modified.

4. **Attorney's fee.** The attorney shown on the Plan as representing the Debtor(s) is allowed fees of $2,000.00. Additional attorney's fees or expenses may be paid only after approval by the Court.

5. **Pre-confirmation Adequate Protection.** As soon as is practicable, the Trustee shall disburse to secured creditors whose claims are secured by purchase money security interests in personal property, all pre-confirmation adequate protection payments received by the Trustee pursuant to Code § 1326(a)(1)(C).

6. **Payments by Trustee.** From pre- and post-confirmation payments made under the Plan, the Trustee shall distribute —

(a) Before any other distributions, any unpaid filing fees to the Clerk of the Court due under 28 U.S.C. § 1930(a)(1)(B);

(b) Commencing as soon as is practicable following confirmation, monthly payments on claims due under Code § 1326(b); provided that if secured claims are to be paid under the Plan, payments made pursuant to this paragraph shall be made concurrently with each monthly payment to secured claimholders; and provided further that if excess funds remain on hand after paying Trustee's fees, filing fees, pre-confirmation adequate protection payments due under paragraph 5 above, all pass-through maintenance residential mortgage payments that have come due, and the initial fixed monthly payments to secured creditors due under paragraph 6(c) below, then, unless otherwise provided in paragraph 11 below, any excess funds on hand may be paid toward the attorney's fee due under paragraph 4 above;

( c) Commencing with the first distribution after confirmation and monthly thereafter, payments to the holder of each allowed secured claim (provided no objection is pending), in the respective amounts shown below, and pursuant to Code § 1325(a)(5)(B)(iii)(I), such payments shall continue for each consecutive month thereafter until said claim is paid in full (*In re Kirk*, 465 B.R. 300 (Bankr. N.D. Ala. 2012)):

| Creditor | Claim No. | Interest Rate | Fixed Payment |
|---|---|---|---|
| Wells Fargo |  | 5.25% | $8.08 |
| Ally Financial | 1 | 5.25% | $154.04 |

(d) In the manner provided in the Plan, to holders of claims entitled to priority under Code § 507, provided that in any event payment of such claims shall comply with Code § 1322(a)(2) and (4);

(e) Any remaining funds, pro rata to holders of allowed non-priority, unsecured claims; and

(f) Any debt or claim not addressed by this Order shall be administered in accordance with the Plan and applicable laws.

7. **Direct-Pay Claims.** Debtor(s) shall timely pay all creditors whose claims are to be paid direct to such creditor (not through the Trustee) pursuant to the Plan. Such creditors are granted limited relief from the automatic stay to contact Debtor(s) by mail or telephone with respect to post-petition (not pre-petition) payments.

8. **Domestic Support and Utilities.** Unless paid by the Trustee, Debtor(s) shall timely pay all ongoing child support, alimony and utility obligations which become due during the term of the Plan, and the automatic stay is terminated to allow collection of all such obligations or to enforce any order or contract associated with such obligations.

9. **Adjustments to Mortgage and Mobile Home Installments.** If the Plan proposes to include ongoing mortgage or mobile home installments in the payments to be disbursed by the Trustee, and if, during the pendency of the case, the Trustee is notified that such ongoing installments have increased, then if no objection is filed by Debtor(s) to the proposed increase within twenty-one (21) days of the filing of said notice, the proposed increase shall become effective without further notice. The "base" of the Plan shall increase according to the increased Plan payment amounts.

10. **Previous Extend/Impose Stay Order.** If an order was previously entered in this case pursuant to Code Section 362(c)(3) or (4) extending or imposing the automatic stay (the "Previous Order"), then notwithstanding Code Section 1327(a), all terms, conditions and limitations of the Previous Order shall continue in full force and effect, and shall take precedence and be controlling over anything to the contrary in this Order or in the Plan.

11. **Postpetition Debt.** Debtors are prohibited from incurring any new financial obligations during the pendency of this case without first obtaining approval from the Chapter 13 Trustee or the Court. Violation of this provision may lead to dismissal of the case, and may create a 180-day bar on refiling pursuant to Code Section 109(g).

12. **Dismissal or Conversion.** If this case is dismissed or converted, any monies received prior to the date of the notice of conversion or order of dismissal shall be distributed according to the confirmed plan.

13. **Other.**


Dated: April 23, 2014

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

/rkh